[Cite as *State v. Black*, 2014-Ohio-3327.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   100815

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CHARDON J. BLACK, I

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-569244-A

**BEFORE:**   Blackmon, J., E.A. Gallagher, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:**   July 31, 2014

**ATTORNEY FOR APPELLANT**

Jonathan N. Garver
4403 St. Clair Avenue
The Brownhoist Building
Cleveland, Ohio 44103

**Also listed:**

Chardon J. Black
Inmate No. 654-329
Lorain Correctional Institution
2075 Avon Belden Road
Grafton, Ohio 44044


**ATTORNEY FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

**{¶1}** Appellant Chardon J. Black, I, ("Black") appeals his conviction for assault for which he received time served. Black's appointed appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and requested leave to withdraw as counsel.

**{¶2}** In *Anders*, the United States Supreme Court held that if appointed counsel, after a conscientious examination of the case, determines the appeal to be wholly frivolous, he or she should advise the court of that fact and request permission to withdraw. *Id.* at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id*. Further, counsel must also furnish the client with a copy of the brief, and allow the client sufficient time to file his or her own brief. *Id*. In this case, appointed counsel fully complied with the requirements of *Anders*.

**{¶3}** Once the defendant's counsel satisfies these requirements, this court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If we also determine that the appeal is wholly frivolous, we may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id*.

**{¶4}** On May 14, 2014, this court ordered appointed counsel's motion to withdraw to be held in abeyance pending our independent review of the case. We further notified Black that he had until July 7, 2014, to file his own appellate brief, but Black did not do so.

**{¶5}** Black's appointed counsel states in his *Anders* brief that he extensively reviewed the record, including the transcript of the proceedings, and concluded that there are no meritorious arguments that he could make on Black's behalf. Counsel could not set forth even an "arguable" argument pursuant to *Anders*.

**{¶6}** After conducting an independent review of Black's case, we affirm the trial court's judgment and grant appointed counsel's motion to withdraw.

**{¶7}** The Cuyahoga County Grand Jury indicted Black for one count each for aggravated robbery, robbery, aggravated burglary, felonious assault, kidnapping, domestic violence, and petty theft.

**{¶8}** Pursuant to a plea agreement, Black entered a plea to an amended count of assault, a first-degree misdemeanor. The remaining counts were nolled. The trial court sentenced Black to 100 days and gave Black jail-time credit for the 100 days he served in jail.

**{¶9}** We have independently examined the record as required by *Anders* and have found no error prejudicial to Black. Black entered a plea that was made knowingly, intelligently, and voluntarily. The trial court followed the dictates of Crim.R. 11(C)(2) in accepting the plea. This provision provides that the court must address defendants

personally and (1) determine that they understand the nature of the charges against them and of the maximum penalty involved, (2) inform them of and determine that they understand the effect of a plea of guilty or no contest and that the court may proceed with judgment and sentence, and (3) inform them of and determine that they understand the constitutional rights that they are giving up by entering into their plea. Crim.R. 11(C)(2)(a)-(c).   In addition to this, the trial court also substantially complied with explaining to Black the nonconstitutional rights he was waiving.

{¶10} Likewise, we find no error in the sentence imposed by the trial court.   Black pled guilty to a first-degree misdemeanor, which carries a maximum possible sentence of 180 days.   R.C. 2929.24(A)(1).   Thus, Black's sentence of 100 days was within the range provided by the statute.

{¶11} We, therefore, conclude that this appeal is wholly frivolous pursuant to *Anders*.   Counsel's request to withdraw is granted, and we affirm the trial court's judgment.

{¶12} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.


A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON,   JUDGE

EILEEN A. GALLAGHER, P.J., and
TIM McCORMACK J., CONCUR